IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ROSE, ) | 2:07-cv-317-GEB-DAD |
| Plaintiff, ) | |
| v. ) | ORDER* |
| THE MUNIRS COMPANY; ) MOHAMMAD MUNIR; IHOP CORPORATION; ) and DOES 1 through 50, inclusive, ) | |
| Defendants. ) | |

Defendants move, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), to dismiss Plaintiff's claims for negligence and negligent hiring, supervision, training, and retention.[1] (Mot. at 1:26-27, 2:1-3.) Plaintiff opposes the motion.

///

///

_____

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Defendants had also moved to dismiss Plaintiff's claim against Defendant Mohammad Munir for wrongful termination in violation of public policy; however, Defendants withdrew that portion of their motion in their Reply brief. (See Reply at 2:4-5.)

1

<u>FACTUAL ALLEGATIONS IN COMPLAINT</u>

Plaintiff was employed as a food server at an IHOP restaurant in Rocklin, California.  (Compl. ¶ 17.)  From January 2006 through April 8, 2006, Plaintiff was subjected to repeated whistles and lewd stares by several IHOP cooks, physical touching by one of the cooks, and sexist comments from the cooks and at least one male server.  (<u>Id.</u> ¶¶ 18, 19, 21, 23.)  On or about April 1, 2006, Plaintiff called IHOP corporate headquarters and reported the cooks' misconduct.  (<u>Id.</u> ¶ 33.)  On April 8, 2006, a representative from IHOP corporate headquarters visited the Rocklin IHOP to discuss Plaintiff's complaint.  (<u>Id.</u> ¶ 34.)  The IHOP corporate headquarters representative informed Plaintiff that the cooks denied all harassment and that they accused Plaintiff of calling them "honey," which Plaintiff denied.  (<u>Id.</u>)  The representative also informed Plaintiff that the cooks would continue to work on the same nights as Plaintiff.  (<u>Id.</u> ¶ 37.)  Plaintiff left the restaurant on April 8 and did not return to work "because management failed to take steps to ensure her safety."  (<u>Id.</u>)  As a result, Plaintiff alleges she was constructively "discharged [from IHOP] on or about April 8, 2006."  (<u>Id.</u> ¶ 17.)

<u>DISCUSSION</u>

Dismissal is appropriate under Rule 12(b)(6) if Plaintiff failed to (1) present a cognizable legal theory in her complaint, or (2) plead sufficient facts to support a cognizable legal theory.  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984).  When considering a motion to dismiss, all material allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiff.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  In addition, Plaintiff is

given the benefit of every reasonable inference that can be drawn from the allegations in the Complaint. Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).

Defendants argue that Plaintiff's claims for negligence and negligent hiring, supervision, training, and retention are preempted by the California's Workers' Compensation Act ("WCA"). (Mot. at 5:11-13.) Specifically, Defendants contend that the WCA "provides the sole and exclusive remedy for injuries sustained by employees arising out of and in the course of their employment." (Id. at 5:14-15.) Plaintiff counters that her claims are not preempted since an exception to WCA's "exclusivity rules applies when the injury suffered by an employee is the result of discrimination." (Opp'n at 4:23-24.)

"The [WCA], as a matter of policy, does not estop a plaintiff from pursuing sexual harassment claims in civil actions." Greenfield v. Am. W. Airlines, Inc., 2004 WL 2600135, at *8 (N.D. Cal. Nov. 16, 2004) (finding that Plaintiff's cause of action for negligent supervision with regard to sexual harassment was not preempted by the WCA and fell within a category of injuries arising in the course of employment, as defined by the California Supreme Court in Fermino v. Fedco, Inc., 7 Cal. 4th 701, 713-15 (1994)). Further, "the [WCA] does not bar . . . allegations of a negligent response to sexual harassment because these claims are based on accusations of discrimination, which 'is not a normal risk of the compensation bargain.'" Doerflet-Casner v. Placer County Dep't of Pub. Works, 2006 WL 1581856, at *8, n.10 (E.D. Cal. June 2, 2006) (citing Fretland v. County of Humboldt, 69 Cal. App. 4th 1478, 1492 (1999)); see also Accardi v. Super. Ct., 17 Cal. App. 4th 341, 353 (1993) (finding that Plaintiff's "claim for emotional distress arising out of sexual harassment is not barred by

the exclusivity provisions of workers' compensation laws" because it "is founded upon actions that are outside the normal part of the employment environment and violate [California's] policy against sex discrimination").  Accordingly, since the challenged claims are based on conduct that falls outside the normal part of the employment environment, they are not barred by the WCA.

CONCLUSION

For the reasons stated, Defendants' motion to dismiss is denied.


IT IS SO ORDERED.

Dated:  June 5, 2007


_____
GARLAND E. BURRELL, JR.
United States District Judge