1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   JESSICA ROSE,                          )
                                           )        2:07-cv-00317-GEB-DAD
8                Plaintiff,                 )
                                           )
9        v.                                 )        FINAL PRETRIAL ORDER
                                           )
10  MUNIRS COMPANY;   MOHAMMED              )
    MUNIR;  IHOP CORP.,                     )
11                                          )
                 Defendants.[1]             )
12  _____       )

13          The final pretrial conference scheduled for December 15, 2008, is vacated since the

14  parties' Joint Pretrial Statement ("JPS") indicates this Final Pretrial Order should issue.

15                                    **I.  JURY**

16          All issue shall be tried to a jury.

17                              **II.  POINTS OF LAW**

18      A.      Issues to be tried:

19          1.      Whether Defendants subjected Plaintiff to unwelcome and severe, or

20  pervasive, sexual harassment thereby creating an abusive/hostile working environment in violation

21  of Plaintiff's rights under Title VII of the 1964 Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)*,*

22  and/or under the California Fair Employment and Housing Act (Cal. Gov. Code §12900 *et seq.*)*,*

23  consequently causing Plaintiff to suffer damages, including loss of earnings and benefits, extreme

24  and severe mental anguish, and emotional distress.

25          2.      Whether Defendants failed to prevent and/or end the cooks' conduct that

26  allegedly subjected Plaintiff to sexual harassment in violation of her rights under the California Fair

27  _____

28      [1]      The caption has been amended to reflect dismissal of Does 1 through 50, since
    Plaintiff  has sought timely leave to add a party to this action.

1  Employment and Housing Act (Cal. Gov. Code §12940), and caused Plaintiff to lose earnings and

2  benefits, and suffer extreme and severe mental anguish.

3          3.      Whether Defendants violated California law by intentionally or knowingly

4  creating or permitting working conditions that a reasonable employer would have realized a person

5  in the Plaintiff's position would have felt compelled to resign, and consequently to suffer loss of

6  earnings and benefits, extreme and severe mental anguish.

7          4.      Whether Defendants negligently hired, supervised, trained, managed, and retained

8  employees and thereby caused Plaintiff to be sexually harassed, and to lose earnings and benefits, and

9  to suffer extreme and severe mental anguish.

10          5.      Whether Defendants took all reasonable steps necessary to prevent any

11  discrimination or harassment from occurring.

12          6.      Whether Defendants had actual knowledge of the alleged  "intolerable"

13  conditions leading to Plaintiff's  resignation.

14          7.      Whether Plaintiff's negligence claims are preempted by the Worker's

15  Compensation Act.

16      B.      In addition to the matters set forth in Local Rule 16-285, the parties shall brief the

17  following points of law in their trial briefs.

18          1. The elements, standards, and burdens of proof as to each of Plaintiff's causes of

19  action, including citations of authority in support thereof.

20          2. The elements, standards, and burdens of proof as to each of Defendant's defenses,

21  including citations of authority in support thereof.

22          Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later

23  than <u>twenty (20) court days prior to the date on which trial commences</u>.  **The trial brief(s) must**

24  **include "a summary of points of law, including reasonably anticipated disputes concerning**

25  **admissibility of evidence, legal arguments, and citations of authority in support thereof."**

26  **Local Rule 16-285(a)(3).**

27  / / /

28  / / /

1 | **III.   WITNESSES**

2 | A. | Plaintiff's Witness List:

3 | Jessica Rose

4 | Tom Rose (2312 Egret Court; Rocklin, CA)

5 | Jill Rose (2312 Egret Court; Rocklin, CA)

6 | Andres Solis

7 | Vince Cole

8 | Adnan Anwar

9 | Mohammad Munir

10 | Sowaiba Munir

11 | Melissa Fannin

12 | Danielle Layden

13 | Cindy Tackett

14 | Melissa Lim

15 | Corey Wilson

16 | Moses Guzman

17 | Sergio Rodriguez

18 | Herminio Garcia

19 | Francisco (cook)

20 | Kimmarie Murphy

21 | Jorge Mendoza

22 | Scott Visham

23 | Leilani Hano

24 | Victor Angulo

25 | Anh Nguyen (6684 Lonetree Blvd, Suite 100 Rocklin, CA)

26 | Cathy Nguyen (6684 Lonetree Blvd, Suite 100 Rocklin, CA)

27 | Kelly Darbo (unknown address)

28 | B. | Defendants' Witness List:

1    Defendants reserve the right to call each of the following witnesses to testify at trial

2  regarding this matter.

3    Mohammed Munir, c/o Basham Parker, LLP, 701 University Avenue, Suite #220,

4    Sacramento, California 95825.

5    Adnan Anwar, c/o Basham Parker, LLP, 701 University Avenue, Suite #220,

6    Sacramento, California 95825.

7    Vincent Cole, c/o Basham Parker, LLP, 701 University Avenue, Suite #220,

8    Sacramento, California 95825.

9    Melissa Fannin, c/o Basham Parker, LLP, 701 University Avenue, Suite #220,

10    Sacramento, California 95825.

11    Cindy Tackett, P.O. Box 221494, Sacramento, CA 95822

12    Scott Vishner, 9155 Denver Sky Avenue, Las Vegas, NV 89149

13    Corey Wilson, (916) 390-8619, 7650 Hill Rd., Granite Bay, CA 95746

14    Leilani Hano, 2746 S. Whitney Blvd., Rocklin, CA 95677

15    Danielle Layden, 627 McDevitt Drive, Wheatland, CA 95682

16    Kimmarie Murphy, 3897 Creekside Pl., Auburn, CA 95602

17    Sergio Rodriguez, (916) 912-0071, address presently unknown

18    Victor Angulo, 2891 Marysville Blvd.

19    Moses Guzman, 2586 Tqmoor Way, Sacramento, CA 95821

20    Melissa Lim, address presently unknown

21    Herminio Garcia, address presently unknown

22        **IV.   EXHIBITS – SCHEDULES AND SUMMARIES**

23    A.    Plaintiff's Exhibit List:

24        1.    Jessica Rose hand-written letter dated April 5, 2006 addressed to Melissa

25  Fannin, regarding complaints of sexual harassment.

26        2.    Jessica Rose resignation letter of April 11, 2006.

27        3.    Jessica Rose's wage information, including tax returns, paystubs, and wage

28  report.

1      4.     Faxed correspondence and notes from Melissa Fannin to Jessica Rose.

2      5.     IHOP Franchise agreement.

3      6.     Hand-written notes by Melissa Fannin in connection with her investigation

4  into Jessica Rose's complaints against cooks.

5      B.     Defendants' Exhibit List

6      Defendants expect to offer the following documents and/or exhibits at trial:

7      (A)     Certain portions of Jessica Rose's personnel file, including Plaintiff's signed

8  "Employee Notification of Non-Discrimination Policy" and "Policies on Diversity, Discrimination

9  and Sexual Harassment," and a March 1, 2006 IHOP Customer Comment Card.

10     (B)     April 7, 2006, handwritten complaint from Plaintiff to Melissa Fannin

11     (C)     Written statements from Sergio Rodriguez, Moses Guzman, Melissa

12              Lim,Herminio Garcia, Cindy Tackett, Corey Wilson, Leilani Hamo, Danielle

13              Layden, Victor Angulo, and Kionmarie Murphy, as relied on by Melissa

14              Fannin in her investigation.

15     (D)     Store Rules and Policies

16                         **V.  DISCOVERY DOCUMENTS**

17     A.     Plaintiff's Discovery Documents:

18     Plaintiff anticipates using responses to interrogatories in their case in chief and also

19  for impeachment purposes.

20     B.     Defendants' Discovery Documents:

21     Defendants intend to introduce and rely on at trial Plaintiff's responses to the

22  following discovery:

23     Interrogatories:  Numbers 1-25, served on September 6, 2007.

24     Requests for Admission:  Numbers 3, 6, 7, and 15, served on September 6, 2007.

25     Plaintiff's Deposition Transcript:  from her deposition taken on October 11, 2007.

26                         **VI.  AGREED STATEMENT**

27     The parties shall submit a short, jointly-prepared statement concerning the nature of

28  this case that can be read to the jury at the commencement of trial.  The statement shall be provided

1   to the Court no later than ten (10) court days before the trial commencement date.  If the parties fail

2   to do this, they may be required to give their respective opening statements before voir dire.

3   Separate statements shall be submitted if agreement is not reached.

4                   **VII.  JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS**

5           A.       Counsel are directed to confer and to attempt to agree upon a joint set of jury

6   instructions and verdict forms.

7           B.   All instructions, both general and specific, shall be submitted in the exact

8   numerical order counsel desires them given to the jury and shall be tailored to the facts and issues in

9   suit.

10           The joint set of instructions and verdict forms shall be filed fifteen (15) court days

11   prior to the trial commencement date.  As to instructions on which there is dispute, the parties shall

12   adhere to the following procedure:  1) the party offering the disputed instruction(s) shall submit the

13   instruction(s) as its proposed jury instructions, shall submit authority in support of the proposed

14   instruction(s) and shall number the disputed instruction(s) in a manner that shows where each

15   disputed instruction should be placed in the tendered agreed upon instructions.  The contested

16   instruction(s) and supporting authority shall be filed with the joint set of instructions fifteen (15)

17   court days prior to the trial commencement date; 2) the party opposed to the contested instruction(s)

18   shall file opposing authority ten (10) court days prior to the trial commencement date.

19           C.       All instructions shall be, to the extent possible, concise, understandable, and

20   <u>neutral</u> statements of law.  They shall be prepared in accordance with Local Rule 51-163.  Ninth

21   Circuit Pattern Instructions are preferred.

22           D.       It is the parties' responsibility to ensure that jury instructions are submitted on

23   all issues preserved for trial in accordance with the schedule set forth above.  Pursuant to Local Rule

24   51-163, instructions not presented in accordance with this Order will be refused unless it is shown

25   either (1) that the necessity for the request arose in the course of trial; the instructions could not

26   reasonably have been anticipated prior to trial; and the request for such additional instructions is

27   presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would

28   constitute manifest injustice under Rule 16(e).

1    E.    Most of the examination of prospective jurors is conducted by the Judge.  The

2  parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire

3  questions.  Voir dire questions shall be filed with the Court fifteen (15) court days prior to the trial

4  commencement date.  Each side is granted fifteen (15)  minutes to conduct voir dire following the

5  Court's examination of prospective jurors.

6    F.    The parties shall file a joint verdict form concurrently with proposed jury

7  instructions fifteen (15) court days prior to the trial commencement date.  See L.R. 51-163(e).  A

8  special verdict or interrogatories shall be included for all factual disputes submitted to the jury that

9  must be resolved before questions of law can be decided, and for any other issue on which specific

10  responses are desired.  The verdict form shall be prepared in accordance with Local Rule 51-163(e).

11  At the same time, where disagreements exist, the parties shall explain the disagreement and submit

12  points and authorities supporting their respective positions.

13    At the time of electronically filing the jury instructions and verdict forms, counsel

14  shall also submit a copy of the sanitized joint jury instructions, the sanitized disputed jury

15  instructions, and the joint verdict forms to the Court by email to geborders@caed.uscourts.gov in

16  accordance with L.R. 51-163(b)(1).

17    **VIII.  ATTORNEYS' FEES**

18    The parties are referred to Local Rule 54-293 concerning the post-trial procedure for

19  seeking an award of attorney's fees.

20    IT IS SO ORDERED.

21    Dated:  December 11, 2008

22

23    GARLAND E. BURRELL, JR.
24    United States District Judge

25

26

27

28